# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NORTHEASTERN DIVISION

TRISHA WINNINGHAM,

*Plaintiff,*

FENTRESS COUNTY,
SHERIFF MICHAEL REAGON,
FAST ACCESS HEALTHCARE, PLLC,
ANTHONY BAIRD, and
NERISSA OWENS

*Defendants.*

Case No.

JURY DEMANDED

## COMPLAINT

Comes now the Plaintiff, TRISHA WINNINGHAM, by undersigned counsel and for his complaint against the Defendants states the following:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 with this Complaint arising under a violation of rights conferred by federal statutes and the Constitution of the United States of America.

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343(a)(3) because this action seeks redress for a deprivation, under color of state law, of rights secured to Plaintiff by the Fourteenth Amendment to the Constitution of the United States of America.

3. Plaintiff asserts claims for relief under 42 U.S.C. § 1983, which authorizes

action to redress the deprivation, under color of state law, of rights, privileges, or immunities secured to Plaintiff by the Constitution or laws of the United States of America and 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought under 42 U.S.C. § 1983.

4. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because one or more defendants reside in this judicial district. Additionally, a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

## Parties

5. Plaintiff Trisha Winningham is an adult resident of Pickett County, Tennessee.

6. Defendant Michael Reagon is the Sheriff of Fentress County, Tennessee.

7. Defendant Fentress County is a political subdivision of the State of Tennessee.

8. Defendant Fast Access Healthcare, PLLC ("FAH") is a limited liability company whose principal place of business is located on 2372 Lifestyle Way Ste 152 Chattanooga, TN 37421. FAH is the third-party medical provider for the Fentress County Sheriff's Department and may be served through its registered agent, Northwest Registered Agent, Inc., 116 Agnes Rd., Suite 200, Knoxville, Tennessee 37919.

9. Defendant Anthony Baird is a physician's assistant employed by FAH and who provides medical services to inmates within the Fentress County Jail. He is a resident of Anderson County, Tennessee and is responsible for the medical care and

2

treatment of inmates at the Fentress County Jail.

10. Defendant Nerissa Owens is a licensed practical nurse employed by FAH and who provides medical services to inmates within the Fentress County Jail. She is a resident of Fentress County, and she is responsible for the medical care and treatment of inmates at the Fentress County Jail.

## Factual Allegations

11. Trisha Winningham has been diagnosed with Asthma and has a history of breathing complications.

12. Trisha Winningham also has a history of struggling with her mental health.

13. Trisha Winningham has been diagnosed with Bipolar, Borderline Personality Disorder, and Schizophrenia.

14. Trisha Winningham has been admitted to multiple inpatient psychiatric treatment facilities prior to being incarcerated at Fentress County Jail.

15. Trisha Winningham was prescribed the following medications prior to her incarceration in Fentress County Jail: Risperdal; Prozac; Vistaril (hydroxyzine); Nebulizer (machine); Albuterol; and Singuliar.

16. On February 8, 2023, Trisha Winningham was arrested in Pickett County for driving on revoked license.

17. Fentress County contracts with Pickett County for the incarceration of inmates including Trisha Winningham.

18. On February 8, 2023, Trisha Winningham was transferred from Pickett

County to Fentress County Jail and booked.

19.    On or around February 8, 2023, Trisha Winningham completed a medical intake form as part of the booking process.

20.    On or around February 8, 2023, Trisha Winningham was screened by Fentress County medical staff.

21.    During this the medical intake/screening process Trisha Winningham disclosed the medications that she was currently prescribed to the medical staff.

22.    During the medical intake/screening process inmates sign a release of information waiver, allowing the medical staff to review their medical history.

23.    Nerissa Owens, and Anthony Baird had knowledge of Plaintiff Winningham suffering from Asthma, Borderline Personality Disorder, Schizophrenia, and bipolar disorder.

24.    Nerissa Owens and Anthony Baird decided to take Plaintiff Winningham off her breathing and psychiatric medications without providing any alternative treatment for her conditions.

25.    Nerissa Owens and Anthony Baird chose to take Plaintiff Winningham off her breathing and psychiatric medications in accordance with the custom existing at the Fentress County Jail whereby inmate medications are denied based on the expenses associated with providing certain medications including those prescribed to Plaintiff Winningham.

26.    Nerissa Owens and Anthony Baird knew or should have known that taking Plaintiff Winningham off her breathing and psychiatric medications without providing

any alternative medications presented a serious risk to her physical safety.

27. On March 16, 2023, Plaintiff Winningham suffered a severe asthma attack at the Fentress County Jail and stopped breathing.

28. EMS was called to transport Plaintiff Winningham to Cumberland Medical Center's ICU.

29. Trisha Winningham was intubated at Fentress County Jail.

30. Upon arriving to Cumberland Medical Center, Trisha Winningham was kept sedated and placed on a ventilator.

31. EMS reported to medical staff at Cumberland Medical Center that patient has asthma medication which had recently been changed and she had not been receiving her medication as she is supposed to:

**History of Present Illness**
HPI:
45yo F presents via EMS from Fentress County jail. Patient arrives intubated. EMS reports they were called to the jail for severe asthma attack. They report the patient was having a difficult time breathing and became mildly combative. Provided Versed and her breathing worsen. They intubated the patient in the field. EMS reports the jail states the patient has asthma medication had recently been changed and she had not been receiving her medication as she is supposed to.

32. After this incident, Plaintiff Winningham suffered from tachycardia and tremors.

33. Following her Asthma attack, Trisha Winningham had difficulty swallowing and aspirated on March 17, 2023.

34. On March 17, 2023, Trisha Winningham was extubated.

35. On March 18, 2023, Trisha Winningham was discharged from Cumberland Medical Center.

36. Upon returning to Fentress County Jail, Defendant Nerissa Owens,

Anthony Baird, and FAH continued to deprive Trisha Winningham the new medications that were prescribed to her at Cumberland Medical Center.

37. On March 31, 2023, Trisha Winningham was assessed by Moccasin Bend Mental Health Institute.

38. During her assessment Trisha Winningham reported that she had been hearing voices.

> **Reason for Admission:**
> SI with no plans/AVH, per CRT report patient reported it is hard to tell what is real and what is not real, voices telling her to kill herself.

39. Trisha Winningham's assessment also states that she has been noncompliant with her medications:

> A person "poses an immediate substantial likelihood of serious harm" IF AND ONLY IF the person:
> H/o mental illness, non- complaint with meds, now feeling SI with no plans.

40. Trisha Winningham's noncompliance with her mental health medications is a direct result from Defendant Nerissa Owens, Anthony Baird, and FAH failure to provide her medications.

41. On April 2, 2023, Trisha Winningham was admitted to Moccasin Bend Mental Health Institute.

42. On April 12, 2023, Trisha Winningham was discharged from Moccasin Bend Mental Health Institute.

43. On August 28, 2023, Trisha Winningham was released from Fentress County Jail.

6

## COUNT I: VIOLATION OF THE RIGHT TO DUE PROCESS
## FOURTEENTH AMENDMENT – DELIBERATE INDIFFERENCE – FAILURE TO PROVIDE MEDICAL CARE
## 42 U.S.C § 1983

44. Paragraphs 1 through 117 above are incorporated herein as if fully restated verbatim.

45. All of the actions and omissions committed by Defendants Reagon, Owens, and Baird were taken under color of state law because they were each acting under the authority given to them by the government and the acts and omissions were committed within the exercise of their official authority, responsibility, or duties.

46. The constitutional rights afforded to prisoners who have been convicted of any criminal offense under the Eighth Amendment's Cruel and Unusual Punishment Clause extend to pretrial detainees under the Due Process Clause of the Fourteenth Amendment.

47. The Fourteenth Amendment to the United States Constitution requires that pretrial detainees be provided adequate medical care while in the custody of any government entity.

48. Trisha Winningham's Asthma, Schizophrenia, Borderline Personality Disorder, and bipolar disorder presented an objectively serious medical need that required medications.

49. Defendants Baird, and Owens had actual knowledge of Trisha Winningham's serious medical need for medications.

50. Defendants Reagon, Baird, and Owens knew or had reason to know that failure to provide an inmate who suffered from Asthma and severe mental health

7

problems with their proper medications created a substantial risk of harm both to Plaintiff Winningham and other inmates.

51. Fentress County is liable for the policies, customs, and practices implemented by Defendant Reagon because he is the final policymaker for the Fentress County Jail.

52. Fentress County is liable for Sheriff Reagon's ratification of the correctional officers' disregard for medically-ordered accommodations.

53. Within the meaning 42 U.S.C. § 1983, FAH acted under color of state law in providing medical care to pre-trial detainees.

54. Fentress County and Sheriff Reagon are liable for the policies, practices, and customs of FAH because Fentress County delegated final decision-making authority to FAH concerning the provision of medical care to inmates at the Fentress County Jail.

55. Defendants Reagon, Fentress County, and FAH exhibited deliberate indifference to Trisha Winningham's serious medical needs by:

    a) Maintaining policies, practices, and customs whereby medically ordered accommodations are ignored by correctional staff;

    b) Maintaining policies, practices, and customs that allow and cause medical personnel to disregard the serious medical needs of inmates by failing to take reasonable measures to ensure that correctional staff receive critical medical information and administer the proper medications to inmates;

    c) Failing to establish policies and procedures whereby critical medical

8

accommodations for detainees are communicated to and implemented by the Sheriff's correctional staff.

d) Failing to establish adequate training, procedures, and supervision to ensure that critical medical accommodations are not just written into an inmate's medical chart but also effectively communicated to and implemented by correctional officers;

e) Maintaining customs of acquiescence to failing to provide medications to inmates at the Fentress County Jail.

56. Fentress County and FAH are liable for deliberate indifference based on their above-described failure to train medical staff and correctional officers.

57. Fentress County and FAH are liable for deliberate indifference based on their above-described failure to supervise medical staff and correctional officers.

58. As a result of the defendants' reckless disregard of Trisha Winningham's serious medical need, Trisha Winningham suffered injuries including pain and suffering, physical and mental injuries, emotional distress, and pecuniary damages including extensive past medical bills.

59. All of Plaintiff Trisha Winningham's injuries and damages were proximately caused by the County's unconstitutional customs, policies, and procedures.

## DAMAGES

60. As a direct and proximate result of the Defendants' violations of his federally protected rights and their reckless disregard to a serious medical need, Plaintiff has suffered:

a) Pain and suffering

b) Physical and mental injuries

c) Serious mental suffering and emotional distress

61. Based on their intentional and reckless misconduct, Trisha Winningham requests an award of punitive damages against Defendants Reagon, Baird, and Owens.

### REQUEST FOR RELIEF

Based upon all of the foregoing, Plaintiff Trisha Winningham requests:

I. Process be issued and that each Defendant be required to respond within the time provided by the Federal Rules of Civil Procedure;

II. A jury be empaneled to try this case;

III. That a Declaratory Judgment be entered;

IV. That Plaintiff Winningham be awarded nominal damages;

V. That Plaintiff Winningham be awarded compensatory damages in an amount deemed appropriate by a jury;

VI. That Plaintiff Winningham be awarded punitive damages against Defendants Reagon, Baird, and Owens in an amount deemed appropriate by a jury;

VII. That Plaintiff Winningham be awarded reasonable attorney's fees, costs, and expenses under 42 U.S.C. § 1988;

VIII. For pre- and post-judgment interest on all damages awarded;

IX. For such other, further, and general relief as the Court deems just and appropriate.

10

Respectfully submitted,

*s/Wesley B. Clark*
Wesley Ben Clark, #32611
Frank Ross Brazil, #34586
Paul D Randolph #39667
Sarah Mansfield #39476
BRAZIL CLARK, PLLC
2901 Dobbs Avenue
Nashville, TN 37211
615-730-8619
615-634-3651 (fax)
wesley@brazilclark.com
frank@brazilclark.com
paul@brazilclark.com
sarah@brazilclark.com